IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH A. MOORE | : | CIVIL ACTION |
| *A MINOR BY HIS P/N/G DAWN HOOVER*, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE[1] | : | NO.  2:06-CV-04867-LDD |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

ORDER

AND NOW, this 6th day of August 2008, upon consideration of Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 16), Plaintiff's Opposition to Defendant's Motion to Alter Judgment (Doc. No. 17), Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 13) and Plaintiff's Response in Opposition to Defendant's Objections (Doc. No. 14), it is hereby ORDERED that Defendant's Motion to Alter or Amend Judgment is GRANTED.

I. Factual and Procedural History

On March 5, 2008, this Court entered an order adopting the January 31, 2008 Report and Recommendation of the United States Magistrate Judge David R. Strawbridge (the "Report and Recommendation").  Pursuant to this order, this matter was remanded to the Commissioner of Social Security ("Commissioner") because the ALJ's step three finding did not allow for

---

[1] Defendant Michael J. Astrue is substituted as a party for Jo Anne B. Barnhart under Fed. R. Civ. P. 25(d)(1).

1

meaningful judicial review.[2]  Specifically, it was noted that though the ALJ discussed why Plaintiff's impairment did not meet listing 112.08 (personality disorders) or listing 112.11 (ADHD), the ALJ did not make certain findings related to whether Plaintiff met listing 112.05–the listing for mental retardation.

The Commissioner now seeks for this Court to amend its prior order pursuant to Federal Rule of Civil Procedure 59(e) and affirm the Commissioner's finding that Plaintiff is not disabled under the Social Security Act.  The Commissioner contends that the Court erred as a matter of law in remanding the case for further specific finding of fact and that such a remand would pose a manifest injustice to other claimants.

II.  Discussion

    A. Standard of Review

The purpose of a motion pursuant to Federal Rule of Civil Procedure 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already

---

[2] In evaluating a child's eligibility for supplemental security income under the Social Security Act, the ALJ follows a three-step sequential evaluation, under which the ALJ will consider (1) whether the child is working; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the child's impairment(s) meets, medically equals or functionally equals the listing.  See 20 C.F.R. § 416.924.

argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753, 757 (E.D. Pa. 2007) (quoting Moyer v. Italwork, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997)).

As noted, Defendant has asked this Court to reconsider its order remanding this matter so that the ALJ's original factual findings can be supplemented. In reviewing an ALJ's findings, a district court's standard of review is whether the ALJ's findings are supported by substantial evidence. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir.1994). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988). As long as the ALJ's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999).

B.  The ALJ's Findings with Respect to Listing 112.05D

As described in the Report and Recommendation, which this Court approved and adopted, this matter was remanded so that the ALJ could make "an express finding as to whether Plaintiff meets the requirements of 112.05D and an explanation of the reasoning which supports the ALJ's conclusion regarding this issue." (Report and Recommendation 7). It was further noted that though the ALJ made specific reference to listings 112.08 (personality disorders) and 112.11 (attention deficit hyperactivity disorder), there was no reference to listing 112.05 (mental

retardation).  Rather, the record simply contained the conclusory statement that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Report and Recommendation 7).  It was concluded, pursuant to Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112 (3d Cir. 2000), that this statement was insufficient to allow meaningful review.  Additionally, it was further noted that a district court was not in the position to weigh evidence or make the factual determinations necessary to determine whether Plaintiff satisfied listing 112.05D.

      Defendant argues that the Court erred as a matter of law by remanding the case pursuant to Burnett.  In Burnett, the Third Circuit held that an ALJ's bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment was insufficient for a court to conduct meaningful judicial review of the ALJ's conclusions.  Burnett, 220 F.3d at 119.  Defendant, however, notes that the Third Circuit explained in a later decision that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).  In conducting the step three analysis "there is no requirement that the ALJ must identify or analyze the most relevant listing."  Ochs v. Commissioner of Social Sec., 187 Fed. Appx. 186, 189 (3d Cir. 2006); see also Scatorchia v. Commissioner of Social Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005) (finding that the ALJ met the Jones requirement at step three without identifying the relevant listing).  After reviewing the record and the ALJ's decision, the Court finds that the record has been sufficiently developed to allow meaningful review of the ALJ's finding that Plaintiff did not "have an impairment or combination of impairments that

meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Tr. 20).

As noted, this matter was remanded so that the ALJ could make specific finding with respect to Listing 112.05D. The general introduction to the children's mental health listings provides that a child meets the listing for mental retardation if the child satisfies both "the diagnostic description in the introductory paragraph and any one of the six sets of criteria" set forth in listing 112.05. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00A. The diagnostic description in the introductory paragraph of listing 112.04 notes that mental retardation is characterized by "significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05. In order to meet listing 112.05D, one of the six sets of criteria set forth in listing 112.05, Plaintiff must show that he met the "diagnostic description" described above, that he has an IQ of 70 or below and that he has a physical or other mental impairment imposing an additional and significant limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05D. In other words, to satisfy 112.05D, the Plaintiff must establish that he has (1) significantly subaverage general intellectual functioning, (2) deficits in adaptive functioning, (3) an IQ score of below 70 and (4) a physical or other mental impairment imposing an additional and significant limitation of function. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")

The record and the ALJ's decision show that Plaintiff established both the third and forth prongs of listing 112.05D. Specifically, the ALJ's decision notes that on the Wechler

Intelligence Scale for Children-Third Edition Plaintiff scored 70 on Performance IQ , 81 on Verbal IQ and 73 on Full Scale IQ.  Under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00D.9, the lowest IQ scores is used to determine if a prong for listing 112.05 is satisfied.  Additionally, in step 2 the ALJ found that Plaintiff's attention deficit hyperactivity disorder and oppositional defiant disorder were severe impairment pursuant to 20 C.F.R. 416.924(c).  This finding satisfied the fourth prong of the listing.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("For listings 112.05D . . ., [the ALJ] will assess the degree of functional limitation the additional impairment(s) imposes to determine if it causes more than minimal functional limitations, i.e., is a 'severe' impairment(s), as defined in §416.924(c)").  Accordingly, only the first and second prongs were not specifically addressed in the ALJ's decision.[3]  Though the ALJ did not specifically address these two prongs in her decision, the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that meets or medically equal one of the listed impairments logically implies that the ALJ found that one or both of these prongs were not satisfied.  As noted previously, an ALJ is not required to use specific language, adhere to a particular format, or mention specific listings in making findings of fact.  See Cop v. Commissioner of Social Sec., 226 Fed. Appx. 203, 208 (3d Cir. 2007) ("The fact that the ALJ included the medical evidence in his discussion of residual functional capacity (and stated that he was doing so), instead of including it twice, does not change this result.").  Accordingly, the Court will review the ALJ's

---

[3] Though not dispositive, it is important to note that the ALJ's failure to specifically address listing 112.05D likely arise from two causes.  First, though Plaintiff was represented by counsel at the administrative proceeding before the ALJ, it was never alleged at the time of the hearing by Plaintiff, his mother or counsel that Plaintiff met the listing for mental retardation.  Furthermore, Plaintiff failed to raise this issue in his counseled "Brief in Support of Request for Review" submitted as part of Plaintiff's appeal of the ALJ's decision to the Social Security Administration's Appeals Council.  Second, of the three licensed psychologists and one psychiatrist that examined Plaintiff, none diagnosed him with mental retardation.  In fact, Plaintiff has only been diagnosed with attention deficit hyperactivity disorder and oppositional defiant disorder.

entire decision in determining whether there is substantial evidence to support the finding that Plaintiff does not have (1) significantly subaverage general intellectual functioning or (2) deficits in adaptive functioning.[4]

There is substantial evidence in the record to support a finding that Plaintiff did not have significantly subaverage general intellectual functioning. In her decision, the ALJ stated that though Plaintiff "has weak math skills," "his reading and comprehension were within average range and he has not repeated any grades." (Tr. 22). The ALJ also noted that though Plaintiff attended special education classes in ninth grade, he was currently in regular classes. (Tr. 21). The ALJ also referenced that Plaintiff's mother testified at the hearing that Plaintiff had no more than moderate limitations in acquiring and using information. (Tr. 23). These findings are amply supported in the record. For instance, Art Hochbert, Ph.D., a treating psychologist who examined Plaintiff, reported that Plaintiff's "intellectual functioning, memory and fund of knowledge were at least at the normal range." (Tr. 161, 166). Additionally, Plaintiff's results on the Test of Academic Progress, which he took in 9th grade, placed him at an 8.8 grade level for spelling, a 7.1 grade level for reading recognition and a 7.9 grade level for reading comprehension. (Tr. 69). Additionally, Lissette Gonzalez, M.Ed. reported that Plaintiff was "very intelligent with math and reads well." It is clear from the record that a finding that Plaintiff does not have significantly subaverage intellectual functioning is supported by substantial evidence.

---

[4] In determining whether the ALJ's findings of fact are supported by substantial evidence, the Court will not be required to make factual determinations or weigh evidence. Rather, because the factual record has been sufficiently developed, the Court will simply determine if the record provides substantial evidence for the ALJ's findings.

7

There is also substantial evidence supporting a finding that Plaintiff does not have a deficits in adaptive functioning. "Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting. <u>Diagnostic and Statistical Manual for Mental Disorder</u>, 42 (4th ed., test rev., 2000). The record indicates that Plaintiff excelled in creative writing, went to parties, drove a car, read sports magazines, used computers, dressed fashionably and dated regularly. (Tr. 256-65). Additionally, he was a highly accomplished high school quarterback and basketball player. (Tr. 253-55). Moreover, Plaintiff was described as "very polite[,] . . . charming," "good at communicating and expressing his thoughts and feelings," and "very playful and funny." (Tr. 179). As a whole, the record provides more than ample support for a finding that Plaintiff does not have deficits in adaptive functioning.

III. Conclusion

Accordingly, because the ALJ's conclusion that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments is supported by substantial evidence; it is hereby ORDERED that the Court's Order dated March 5, 2008 approving and adopting the Report and Recommendation is amended as follows:

1. The Report and Recommendation is APPROVED and ADOPTED, except for the conclusions related to "Insufficiency of the ALJ's Finding on Listing 112.05D";

2. With respect to conclusions related to "Insufficiency of the ALJ's Finding on Listing 112.05D, the Court adopts the conclusions set forth in this order;

2. Plaintiff's Motion for Summary Judgment is DENIED;

3. Plaintiff's Motion for Remand is DENIED;

4. Defendant's Motion for Summary Judgment is GRANTED; and

5. The Commissioner's decision that Plaintiff is not disable is AFFIRMED.

                BY THE COURT:

                /S/LEGROME D. DAVIS

                Legrome D. Davis, J.